*653 OPINION.
Lansdon:
The petitioner’s claim of good will value for its cafeteria at 1059 Market Street, San Francisco, is not established by the evidence. At that date no substantial profits had been realized and the income had been no more than a reasonable return on the capital invested in tangible assets. It is true that there was an expectation of profitable business during the exposition period, which was realized later. Neither the hope of good business nor the realization of that hope in subsequent years is good will. On this issue the determination of the respondent is approved. Dwight & Lloyd Sintering Co., B. T. A. 119; Rock Springs Distilling Co., 2 B. T. A. 207; Victor J. McQuade, 4 B. T. A. 837; Joseph Z. Muir et al., 4 B. T. A. 893.
The respondent has disallowed the deductions claimed on account of the annual payments under the terms of the agreement through which petitioner obtained a lease on premises located at 522-534 Hill Street, Los Angeles, on the theory that such amounts represented the purchase price of good will and, therefore, were capital investments. Upon the record we are convinced that no good will was acquired in that transaction. Petitioner’s sole object was to secure a suitable location for a branch of its own business. It razed the buildings and erected a more suitable structure. It never made any use of the trade name of the B. and M. Company. The payments in question must be regarded either as capital cost of the lease or as rentals for the premises.
The agreement through which the petitioner became a sublessee provides for three kinds of payments, viz., (1) a lump sum of $56,760 for the tangible property; assumption of the obligation to pay the rental of $2,100 per month reserved to the fee oivner in the original lease; and (2) the payment of $2,200 per month to the lessees. We think it perfectly clear that the latter payments must be regarded either as rentals deductible as ordinary and necessary expenses under section 234(a) (1) of the Eevenue Acts of 1924 and 1926 as and when paid, or as a bonus ratably distributed over the term of. the sublease and recoverable tax free. J. Alland & Bro., *654 Inc., 1 B. T. A. 681; Columbia Theatre Co., 3 B. T. A. 622. On this issue the determination of the respondent is reversed.

Decision will be entered under Rule 50.